UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH SHERMAN,

        Plaintiff,

v.                                  Case No. 3:24-cv-1341-MMH-LLL

RANDALL L. POLK, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff, Kenneth Sherman, an inmate of the Florida penal system who is currently housed at Santa Rosa Correctional Institution, is proceeding on a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Complaint). He also filed a request to proceed as a pauper (Doc. 2), which the Court granted (Doc. 4).

    In the Complaint, Sherman names the following Defendants in their individual and official capacities: (1) Warden Randall L. Polk; (2) the Federal Bureau of Investigation (FBI); (3) Blake Levai; (4) S.A. Willis; (5) D.M. Ashley; (6) Joseph W. Caputo; (7) Kenneth M. Keith; and (8) Nurse Jane Doe. See Complaint at 2-3. Sherman's allegations are rambling and conclusory, but from what the Court can decipher, he alleges that on March 14, 2023, while housed

at Columbia Correctional Institution, Defendant Ashley sprayed him with chemical agents, Defendants "Levai and Willis orchestrated a premeditated attempt[] to murder [him]," Defendants Caputo and Keith used excessive force during a cell extraction, Defendant Willis tampered with camera footage by blocking the camera's view of the incident; Defendant Polk and Culpeper (who is not named as a defendant) failed to conduct a real investigation; and Defendant Nurse Jane Doe did not provide him with adequate medical care. Id. at 5. Sherman also appears to fault the FBI for failing to investigate his allegations. See id. at 4-5. Additionally, he contends that Officer Hoffman (who is not named as a defendant) "tried to get [him] killed by ordering inmates to brutally beat [him]." Id. at 5. As relief, Sherman requests the Court contact the FBI and order an investigation into his allegations in all of his pending cases in this Court as well as every cell extraction done in the past four years. See id. He also requests monetary damages. See id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language

2

of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Sherman's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).

Here, Sherman's allegations are difficult to follow. He includes generalized allegations about the prison system, discusses actions of individuals who are not named as defendants, and seeks relief that appears to be outside the scope of the claims raised. Additionally, while Sherman's handwriting is largely legible, he writes into the margins of the pages such that some of his writing is cut off when scanned into the Court's electronic case filing system. <u>See</u> Complaint at 4-5. Moreover, instead of attaching additional pages, Sherman fills almost the entirety of the white space on the pages to the point that his writing is difficult to read. <u>See</u> <u>id.</u> at 3-5. And while he numbers some of his averments, the averments are in one continuous paragraph. <u>See</u> <u>id.</u> at 5.

More importantly, Sherman's Complaint has several substantive flaws. First, it is not entirely clear who Sherman sues and in what capacity. Sherman includes vague and conclusory allegations regarding a widespread practice of excessive force and correctional staff falsifying reports in the prison system generally. <u>See</u> <u>id.</u> at 3-4. He further alleges that supervisory officials with the Florida Department of Corrections (FDOC), the FBI, judges, and prosecutors failed to investigate the issues. <u>See</u> <u>id.</u> Then in Sherman's request for relief, he

6

seeks monetary damages from "the entire Columbia Correctional Institution" and "the medical department." Id. at 5.

To the extent Sherman is attempting to raise official capacity claims or sue Columbia Correctional Institution or the Florida Department of Corrections, his claims are due to be dismissed. When an officer is sued under § 1983 in an official capacity, the claim is considered a claim against the entity for which the officer is an agent. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Thus, suing any of the individual Defendants in their official capacities is equivalent to suing the FDOC, but neither the FDOC nor a state correctional institution are a "person" within the meaning of § 1983. Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011). Moreover, to the extent Sherman seeks monetary damages from Defendants in their official capacities, the Eleventh Amendment bars suit. See Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). And insofar as his requests for injunctive relief may be construed to be against the FDOC, Sherman's conclusory statements of a widespread practice, without more, fail to state a plausible claim. Thus, all official-capacity claims are due to be dismissed.

Second, to the extent Sherman attempts to raise a <u>Bivens</u>[3] claim against the FBI, such claim is due to be dismissed. "<u>Bivens</u> only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." <u>Sharma v. Drug Enf't Agency</u>, 511 F. App'x 898, 901 (11th Cir. 2013); <u>see also</u> <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 71 (2001) (recognizing that <u>Bivens</u> is "concerned solely with deterring the unconstitutional acts of individual officers"). And the types of claims that may be brought under <u>Bivens</u> are extremely limited. <u>See</u> <u>Egbert v. Boule</u>, 596 U.S. 482, 491 (2022); <u>Ziglar v. Abbasi</u>, 582 U.S. 120 (2017); <u>Johnson v. Terry</u>, 112 F.4th 995, 1015 (11th Cir. 2024). Regardless, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994).

Third, Sherman appears to be pursuing the same claims against Defendants Caputo and Keith in this case as he is in case no. 3:23-cv-664-BJD-MCR (M.D. Fla.). Sherman cannot pursue the same claims in two separate cases. A review of the earlier-filed case reflects that a case management and scheduling order was recently entered, and Sherman's Eighth Amendment

---

[3] <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

excessive force claim against Caputo and Keith is proceeding. Thus, Sherman may continue prosecuting that claim in that case.

Fourth, to the extent Sherman is suing Warden Polk for failing to investigate the use of force against him, his allegations are entirely conclusory. Notably, in Sherman's earlier-filed civil rights case regarding this incident, this Court dismissed Sherman's "bare-bones allegation that Polk . . . failed to investigate the use of force." Order of Dismissal Without Prejudice (Doc. 14), No. 3:23-cv-664. Sherman fails to present sufficient factual allegations to state a plausible claim for relief against Polk in this case.

Similarly, Sherman's allegations against Defendants Ashley, Levai, Willis, and Nurse Jane Doe are devoid of sufficient facts to state plausible claims for relief. Sherman simply contends that Ashley "did 3 rounds" of chemical agents on him. But the Eleventh Circuit has long recognized chemical agents as an acceptable non-lethal use of force so long as a valid penological reason supports such force. See Sconiers v. Lockhart, 946 F.3d 1256, 1264 (11th Cir. 2020); Thomas v. Bryant, 614 F.3d 1288, 1310-11 (11th Cir. 2010); Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008), overruled on other grounds as recognized by Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010).

Sherman's allegation against Ashley, without more, is insufficient to state a plausible Eighth Amendment claim.

As to Defendants Levai and Willis, Sherman's contentions that they "premeditated" an attempt "to murder" him and that Willis tampered with the camera footage by blocking the camera's view are entirely conclusory and fail to rise to the level of a constitutional violation. Complaint at 5. Finally, as to Nurse Jane Doe, Sherman contends that despite seeing his injuries, she failed to document them because she was scared of losing her job. Id. These allegations do not plausibly suggest that the Nurse acted with "subjective recklessness" such that she could be found liable under the Eighth Amendment. Wade v. McDade, 106 F.4th 1251, 1253 (11th Cir. 2024) (holding that "in addition to an 'objectively serious' deprivation, a deliberate-indifference plaintiff must show that the defendant acted with 'subjective recklessness as used in the criminal law,' and that in order to do so, the plaintiff must demonstrate that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm" (internal citation omitted)).

In light of the foregoing, this case will be dismissed without prejudice. Sherman's claims against Defendants Polk, the FBI, Levai, Willis, Ashley, and Nurse Jane Doe are dismissed without prejudice for Sherman's failure to state

a plausible claim. As to Defendants Caputo and Keith, Sherman may continue pursuing his Eighth Amendment claim against them in Case No. 3:23-cv-664.

Accordingly, it is

**ORDERED**:

1.  This case is **DISMISSED without prejudice**.

2.  The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of February, 2025.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 2/21
c:
Kenneth Sherman, #130883